**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1168-22

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

OLVIN VARGAS,

      Defendant-Appellant.

_____

> Submitted April 9, 2024 – Decided April 25, 2024
>
> Before Judges Enright and Augostini.
>
> On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 19-05-0291.
>
> Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).
>
> John P. McDonald, Somerset County Prosecutor, attorney for respondent (Bridgett Nichole Dudding, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Petitioner Olvin Vargas appeals from the August 24, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We vacate the challenged order and remand for further proceedings.

In May 2019, petitioner pled guilty in Somerset County to receiving stolen property, a disorderly person's offense, N.J.S.A. 2C:20-7(a), and the third-degree offenses of burglary, N.J.S.A. 2C:18-2(a)(1); criminal mischief, N.J.S.A. 2C:17-3(a)(1); and attempted theft by unlawful taking, N.J.S.A. 2C:5-1(a)(1) to (3) and 2C:20-3(a). During his plea, defendant testified he was born in Puerto Rico and a citizen of the United States. In response to the judge's questions, defendant also responded affirmatively that he had discussed his case with his attorney, she had answered all his questions, and that he had no further questions of her. Defendant also testified he was satisfied with his attorney's services.

Notably, two months earlier, petitioner pled guilty to second-degree eluding in Bergen County pursuant to N.J.S.A. 2C:29-2(b). During that proceeding, he confirmed he was not a United States citizen and he understood that his guilty plea may result in his deportation.

Prior to his sentencing in Somerset County, defendant informed his pre-sentence investigator that he was born in Mao, Valverde, Dominican Republic

A-1168-22

and immigrated to the United States in 2007. The Presentence Report (PSR) reflected this information.

In July 2019, petitioner was sentenced in Somerset County, in accordance with his plea agreement, to time-served for receiving stolen property and an aggregate three-year prison term on the third-degree crimes, to run concurrent to his sentence on his Bergen County charges. Before the judge imposed the sentence, he asked if counsel "had the opportunity to review the [PSR]" and had "[a]ny additions [or] corrections." Plea counsel replied that she "ha[d] gone over everything and . . . ha[d] no additions or corrections." Neither counsel nor the judge addressed the discrepancy in the PSR and defendant's testimony at his plea hearing regarding his place of birth. In May 2021, petitioner filed a PCR petition, claiming his plea counsel provided ineffective assistance and gave him incorrect advice about the immigration consequences of his plea.

In July 2022, the PCR judge heard argument on the petition. On August 24, 2022, the judge entered an order denying the petition without an evidentiary hearing. In his accompanying fifteen-page opinion, the PCR judge rejected petitioner's claim of ineffective assistance of counsel (IAC), finding petitioner misrepresented that he was a U.S. citizen at the time he entered his guilty pleas. The PCR judge further noted petitioner advised the court twice that he was

3

satisfied with his attorney's services. Thus, the PCR judge concluded petitioner failed to establish first prong of Strickland v. Washington, 466 U.S. 668, 687 (1984); namely, that plea counsel's performance was deficient. The judge declined to analyze the second Strickland prong, i.e., whether petitioner was prejudiced by plea counsel's deficient performance. Id. at 693.

In a footnote in his written opinion, the PCR judge briefly mentioned that on petitioner's plea form, at "question number [seventeen]," petitioner "indicated he was a U.S. [c]itizen," and "[i]n the PSR, [petitioner's] citizenship [wa]s marked as 'other' and his place of birth [wa]s listed as 'Dominican Republic.'" But the judge did not address plea counsel's failure to address this inconsistency prior to defendant's sentencing in Somerset County.

On appeal, defendant presents a single argument for our consideration:

> [PETITIONER] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT [PLEA] COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY MISADVISING HIM AND FAILING TO INFORM HIM OF THE DEPORTATION CONSEQUENCES OF HIS PLEA.

We are constrained to agree. Accordingly, we vacate the challenged order and remand for further proceedings. We add the following comments.

A petitioner is not automatically entitled to an evidentiary hearing simply by raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App.

4

Div. 1999). To obtain an evidentiary hearing, a petitioner must establish, by a preponderance of the evidence, a prima facie case for relief, material issues of disputed fact, and show that an evidentiary hearing is necessary to resolve the claims. R. 3:22-10(b). A PCR court must view the facts in the light most favorable to the petitioner in deciding whether a prima facie case of IAC has been established. State v. Jones, 219 N.J. 298, 311 (2014).

When a trial court renders its decision on a PCR petition without an evidentiary hearing, our review of its legal and factual determination is de novo. State v. Harris, 181 N.J. 391, 421 (2004). We review a trial court's decision denying a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

To succeed on an IAC claim, a defendant must satisfy the two-prong test enunciated in Strickland by a preponderance of the evidence; namely, that counsel's performance was deficient; and the deficient performance prejudiced the defendant. Strickland, 466 U.S. at 687. In the context of a PCR petition challenging a guilty plea based on IAC, the second prong is established when the defendant demonstrates a "reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. Nuñez-Valdez, 200 N.J. 129, 139 (2009) (alteration in

original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)); see also State v. McDonald, 211 N.J. 4, 30 (2012). Additionally, the defendant must establish that a "decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

In Padilla, 559 U.S. at 374, The United States Supreme Court held that to provide effective assistance of counsel, a defense attorney must advise a client "whether his plea carries a risk of deportation." New Jersey courts also recognize the duty counsel owes to a client to ensure that deportation consequences of a plea are understood. Nuñez-Valez, 200 N.J. at 139-143; State v. Gaitan, 209 N.J. 339 (2012).

Guided by these standards, we are compelled to vacate the August 24, 2022 order and remand for an evidentiary hearing.

Here, petitioner does not dispute that he lied about his place of birth during his plea hearing in Somerset County. But he contends he did so based on misinformation and "ill advice" plea counsel gave him about the immigration consequences of the plea. Specifically, he asserts that plea counsel was aware he was born in the Dominican Republic and told petitioner that had he been born in Puerto Rico, he would not be facing deportation.

A-1168-22

Importantly, petitioner does not explicitly allege that plea counsel advised him to misrepresent his place of birth at the time he pled guilty. However, that does not end our inquiry because it is unclear from the record why plea counsel failed to address at sentencing the inconsistency between petitioner's plea testimony that he was a United States citizen and his admissions in the PSR that he was born in the Dominican Republic. We are persuaded petitioner is entitled to an evidentiary hearing regarding plea counsel's failure in this regard. We hasten to add that even if petitioner establishes at the evidentiary hearing that plea counsel was deficient for failing to correct the discrepancy between petitioner's plea testimony and his statements in the PSR, he must still satisfy the second Strickland prong by showing there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Indeed, petitioner must demonstrate it would have been rational for him to reject the State's plea offer, given his plea in the Bergen County matter.

In sum, we vacate the August 24, 2022 order and remand for an evidentiary hearing to permit the PCR judge to address petitioner's IAC claims under both Strickland prongs. We offer no opinion on the outcome of the hearing.

A-1168-22

Vacated and remanded.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1168-22